J-S14014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LINWOOD CHESTER COPELAND | : | |
| | : | |
| Appellant | : | No. 1297 MDA 2016 |

Appeal from the PCRA Order July 19, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0005742-2012

BEFORE:  GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 15, 2017**

Appellant, Linwood Chester Copeland, appeals *pro se* from the order entered in the Dauphin County Court of Common Peas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On June 10, 2013, Appellant entered a negotiated guilty plea to indecent assault (victim less than 13 years of age), unlawful contact with a minor, and corruption of minors.  The court sentenced Appellant that day in accordance with the plea bargain, to an aggregate term of 5-10 years' imprisonment plus two years' probation.  Appellant did not pursue direct review.  On December 4, 2013, Appellant timely filed a *pro se* PCRA petition.  The court appointed counsel on December 12, 2013.  On January 24, 2014, counsel filed a petition to withdraw and "no-merit" letter

_____

*Retired Senior Judge assigned to the Superior Court.

per **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court issued appropriate notice per Pa.R.Crim.P. 907 on February 3, 2014, and granted counsel's petition to withdraw. Appellant responded *pro se* on February 21, 2014, and the court denied PCRA relief on March 4, 2014. On October 23, 2014, this Court affirmed the denial of PCRA relief. **See Commonwealth v. Copeland**, 108 A.3d 121 (Pa.Super. 2014).

Appellant filed the current *pro se* second PCRA petition on April 27, 2016, seeking relief under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). On June 6, 2016, the court issued Rule 907 notice; Appellant responded *pro se* on June 13, 2016. On July 19, 2016, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on July 27, 2016. On August 8, 2016, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The

statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on July 10, 2013, upon expiration of the time to file a direct appeal with this Court. *See* Pa.R.A.P. 903. Appellant filed the current PCRA petition on April 27, 2016, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), insisting *Alleyne* and its progeny declared unconstitutional the mandatory minimum sentencing statute under which Appellant was allegedly sentenced. Nevertheless, the court did not impose a mandatory minimum sentence here so *Alleyne* would not apply in any event. Accordingly, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017