J-S32013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK FLUELLEN | : | |
| | : | |
| Appellant | : | No. 2513 EDA 2016 |

Appeal from the PCRA Order July 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0210662-2001

BEFORE: GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JUNE 20, 2017**

Appellant, Frank Fluellen, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his fifth petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. A jury convicted Appellant on July 26, 2002, of second degree murder and related offenses in connection with the August 22, 1994 robbery of Marie's Variety Store in Philadelphia, during which the store manager was shot and the owner was shot and killed. The court immediately sentenced Appellant to life imprisonment for the murder of the store owner and imposed lesser sentences for the convictions involving the store manager, to run consecutively to each other and concurrently with the life sentence. On January 30, 2004, this Court affirmed the judgment of sentence. **See Commonwealth v. Fluellen**, 847 A.2d 756 (Pa.Super.

_____

*Former Justice specially assigned to the Superior Court.

2004) (unpublished memorandum). Appellant sought no further review, and the judgment of sentence became final on or about February 29, 2004. Since then, Appellant unsuccessfully litigated four other PCRA petitions.

Appellant filed his current petition on or about April 3, 2016, asserting the new facts exception and new evidence in the form of an affidavit, dated March 30, 2016, that purportedly exculpates Appellant. Appellant amended his current petition on May 25, 2016, to add a claim of illegal confinement, based on the contention of an "unsigned" arrest warrant that renders the charges, arrest, convictions, and judgment of sentence void *ab initio*. The PCRA court issued notice, per Pa.R.Crim.P. 907, of intent to dismiss the petition. Appellant responded, and the court dismissed the petition as untimely on July 11, 2016. Appellant timely filed a notice of appeal on July 27, 2016. The record indicates no concise statement per Pa.R.A.P. 1925(b) was either ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The

- 2 -

statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition, and a petitioner asserting an exception must file the petition within 60 days of when the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(1)(i-iii), (b)(2).

Instantly, Appellant's judgment of sentence became final on or about February 29, 2004, as he did not file a petition for allowance of appeal with the state Supreme Court. *See* Pa.R.A.P. 1113; 42 Pa.C.S.A. § 9545(b)(3). Appellant filed the current PCRA petition on April 3, 2016, which is patently untimely by over eleven years. Appellant attempts to assert the new facts exception in the form of an "exculpatory" affidavit and an additional claim of illegal confinement based on his arrest warrant.

The affidavit from Appellant's prison mate, Larry Burton, is vaguely and broadly phrased to challenge the identification trial testimony of Commonwealth witness James Roberts. The only "new" fact in the affidavit is Mr. Burton, which fails to satisfy the new facts exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), because Mr. Burton is just a newly-discovered source for Appellant's main trial defense of misidentification. *See Commonwealth v. Edmiston*, 619 Pa. 549, 570-71, 65 A.3d 339, 352 (2013), *cert denied*, ___ U.S. ___, 134 S.Ct. 639, 187 L.Ed.2d 423 (2013) (stating facts asserted as exception (a) must have been unknown to petitioner, (b) could not have been ascertained by exercise of due diligence, and (c) cannot simply be facts presented through newly-discovered source).

With respect to the allegedly defective arrest warrant, Appellant attached only a copy of the criminal complaint as Exhibit A to his amended PCRA petition. Therefore, his arrest-warrant claim was completely unsupported. Moreover, Appellant failed to explain when he first discovered the alleged defect in the arrest warrant or why he did not discover it at an earlier date. Finally, the arrest warrant contained in the certified record is signed and dated. Thus, the alleged defective arrest warrant would not serve as an exception to the statutory time limits of the PCRA. Accordingly, Appellant's PCRA petition remains time-barred, and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2017