J-S83044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEON J. MOSLEY | : | |
| | : | |
| Appellant | : | No. 1595 EDA 2017 |

Appeal from the PCRA Order April 21, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0002911-2001

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 30, 2018**

Appellant, Leon J. Mosley,[1] appeals from the order entered in the Montgomery County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A §§ 9541-9546.  A jury convicted Appellant on May 31, 2002, of one count of each of robbery of a motor vehicle, terroristic threats, recklessly endangering another person ("REAP"), simple assault, conspiracy to commit robbery, and two counts of theft.  The court sentenced Appellant on August 1, 2002, to an aggregate term of 28½ to 60 years' imprisonment. The sentence included a 25 to 50 year term under Pennsylvania's three strikes law, 42 Pa.C.S.A § 9714(a)(2).  Appellant did not file a direct appeal, so the

---

[1] Appellant is also referred to as Antonio Johnson throughout the record.

judgment of sentence became final on or about September 1, 2002. Since then, Appellant has filed two unsuccessful PCRA petitions. On January 5, 2017, Appellant filed a counseled "Motion to Correct an Illegal Sentence," which the PCRA court deemed Appellant's third PCRA petition. On January 27, 2017, the court issued notice of intent to dismiss per Pa.R.Crim.P. 907. Appellant filed an amended "Motion to Correct an Illegal Sentence," on March 27, 2017; and the court denied PCRA relief on April 21, 2017. Appellant timely filed a notice of appeal and a voluntary concise statement per Pa.R.A.P. 1925(b), on Monday, May 22, 2017.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances, which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on or about

September 1, 2002, upon the expiration of time for filing a direct appeal with the Superior Court. *See* Pa.R.A.P. 903 (providing 30 days to file notice of appeal from judgment of sentence with Superior Court). Appellant filed the current serial PCRA petition on January 5, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new facts" exception to the statutory time-bar per Section 9545(b)(1)(ii). Appellant relies on two appellate court decisions to satisfy the newly discovered facts exception to PCRA time-bar. Even assuming Appellant satisfied the 60-day rule, judicial decisions do not constitute "new facts" for purposes of the Section 9545(b)(1)(ii) exception. *See Commonwealth v. Brandon*, 51 A.3d 231 (Pa.Super. 2012) (explaining subsequent decisional law does not amount to new "fact" under Section 9545(b)(1)(ii) of PCRA). Thus, Appellant's third PCRA petition remains time barred, and the court properly dismissed it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/18

- 3 -