**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE LOWRY | |
| Appellant | No. 823 WDA 2017 |

Appeal from the PCRA Order entered May 9, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0000158-1997,
CP-02-CR-0009751-1997

BEFORE: STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED MAY 22, 2018**

Appellant, Andre Lowry, appeals *pro se* from the order entered May 9, 2017 dismissing his sixth petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-95. We affirm.

On January 26, 1998, following a jury trial, Appellant was convicted of first degree murder and other charges. He was sentenced to life imprisonment. On April 13, 2000, this Court affirmed his judgment of sentence, and on August 30, 2000, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

On January 24, 2001, Appellant filed a *pro se* PCRA petition, after which counsel was appointed. On February 19, 2002, the PCRA court entered notice of its intent to dismiss Appellant's petition, and on January 14, 2003, the

petition was denied. On appeal, this Court vacated the lower court's order dismissing Appellant's PCRA petition and remanded for the appointment of new counsel. On remand, new counsel was appointed, and Appellant filed an amended PCRA petition on July 18, 2007. Following a hearing, the PCRA court denied Appellant's petition on November 14, 2008. This Court affirmed on September 8, 2010.

On September 30, 2010, Appellant filed his second *pro se* PCRA petition. On October 28, 2010, the PCRA court issued notice of intent to dismiss this petition. On November 23, 2010, the PCRA court dismissed Appellant's petition as untimely. On September 11, 2011, this Court affirmed.

Between 2012 and 2015, Appellant filed three more PCRA petitions. All were dismissed without hearings.

On March 15, 2017, Appellant his sixth *pro se* PCRA petition, the petition presently under review, claiming that the coroner acted outside of his legal authority by holding Appellant for trial. On April 27, 2017, the PCRA court issued a notice of intent to dismiss the petition without a hearing. On May 9, 2017, less than twenty days later, the PCRA court dismissed the petition. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises three issues in this appeal:

A. Whether the PCRA court committed reversible error when it dismissed the *pro se* Appellant's PCRA petition, a petition raising circumstances similar to those in ***Commonwealth v. Bennett*** and pursuant to 42 Pa.C.S. § 9545 (b)(1)(ii), that were never considered prior to dismissal of his petition?

- 2 -

B. Whether the PCRA court committed reversible error when it determined State Senator Jay Costa's explanation of the legislative intent of the General Assembly's construction of the Coroner's Statute did not qualify as a new fact under the newly discovered and previously unknown fact exceptions of the PCRA statute?

C. Whether coroners are judicial officers, pursuant to Pennsylvania Constitution Article V, Section 1, the unified judicial system and State Senator Jay Costa's explanation of the legislative intent of the General Assembly's construction of the Coroner's Statute?

Appellant's Brief at 8.

The PCRA court properly dismissed Appellant's petition as untimely. PCRA petitions must be filed within one year of the time the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b). The timeliness requirement of Section 9545(b)(1) is jurisdictional; we cannot address the merits of an untimely petition. *Commonwealth v. Abu Jamal*, 941 A.2d 1263, 1267–68 (Pa. 2008). Appellant's judgment of sentence became final at the end of November 2000, ninety days after our Supreme Court denied his petition for allowance of appeal in his direct appeal. 42 Pa.C.S. § 9545(b)(3). Appellant filed his present petition on March 15, 2017, over sixteen years after his judgment of sentence became final. Thus, it is untimely on its face.

Furthermore, Appellant's petition fails to satisfy any of the three exceptions to the PCRA's timeliness requirements in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant attempted to invoke the newly discovered facts exception, which required him to prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been

- 3 -

ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant relied upon a letter received from Candice Corbett, an employee of Senator Jay Costa, dated January 19, 2017, advising that coroners are not members of the judiciary and cannot bind persons for trial at preliminary hearings. Appellant appears to argue that (1) his preliminary hearing was defective because a coroner held him over for trial instead of a judge, and (2) his acquisition of knowledge about the coroner's status is a newly-discovered "fact," because he was unaware that coroners lacked the authority to hold persons for trial until he received Corbett's letter. We disagree.

Legal principles or developments are "law"; they are not "facts" under Section 9545(b)(1)(ii). **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) ("an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact"). Thus, Appellant's acquisition of knowledge about the coroner's legal status merely constitutes a new point of law. It does not constitute a new "fact" under Section 9545(b)(1)(ii).

For these reasons, the PCRA court properly dismissed Appellant's sixth PCRA petition as untimely.[1]

---

[1] Technically, the PCRA court's order dismissing Appellant's sixth petition was premature under Pa.R.Crim.P. 907(1), because the court entered its order less than twenty days after issuing its notice of intent to dismiss the petition.

Order affirmed.

Judgment Entered.

*[signature: Joseph D. Seletyn]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2018

---

Nevertheless, this is not reversible error because the record is clear that the petition is untimely. **Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (failure to issue Rule 907 notice is not reversible error where record is clear that PCRA petition is untimely).