J-S41033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN FREEMORE, | : | |
| | : | |
| Appellant | : | No. 3611 EDA 2017 |

Appeal from the PCRA Order October 12, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000258-2009

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 03, 2018**

Appellant, Shawn Freemore, appeals *pro se* from the order entered in the Franklin County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On February 3, 2009, Appellant fatally stabbed Victim, when Appellant was 19 years old.  On September 21, 2011, a jury convicted Appellant of first-degree murder, conspiracy to commit murder, and tampering with and/or fabricating physical evidence.  The court sentenced Appellant on December 12, 2011, to life imprisonment without the opportunity of parole ("LWOP").  This Court affirmed on July 23, 2013, and our Supreme Court denied allowance of appeal on September 2, 2014.  ***See Commonwealth v. Freemore***, 82 A.2d 1074 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 626 Pa. 704, 99 A.3d 76 (2014).  Appellant

_____
* Former Justice specially assigned to the Superior Court.

sought no further direct review, so the judgment of sentence became final on December 1, 2014. Appellant timely filed his first *pro se* PCRA petition on April 22, 2015; the PCRA court appointed counsel and later denied relief on September 11, 2015. This Court affirmed on August 3, 2016, and our Supreme Court denied allowance of appeal on February 15, 2017. **See Commonwealth v. Freemore**, 156 A.3d 327 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, ____ Pa. ____, 166 A.3d 1226 (2017).

Appellant filed his second, current *pro se* PCRA petition on August 25, 2017. On August 30, 2017, the PCRA court issued Rule 907 notice; Appellant filed a *pro se* response on September 13, 2017. The PCRA court dismissed Appellant's petition on October 13, 2017. Appellant timely filed a *pro se* notice of appeal on November 8, 2017, and a court-ordered Rule 1925(b) statement on November 29, 2017.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition and are also subject to a separate 60-day deadline. 42 Pa.C.S.A. § 9545(b)(1-2). To assert the newly-created-constitutional-right exception under Section

9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, the judgment of sentence became final on December 1, 2014, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current *pro se* PCRA petition on August 25, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception by citing three decisions: *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory life without possibility of parole ("LWOP") sentences for juvenile offenders); *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding *Miller* applies retroactively to cases on collateral review); and *Commonwealth v. Batts*, ___ Pa. ___, 163 A.3d 410 (2017) ("*Batts II*") (providing rebuttable presumption exists against sentencing juveniles to LWOP and explaining Commonwealth can rebut presumption if it proves beyond reasonable doubt that juvenile defendant cannot be rehabilitated). Appellant, however, was 19 years old at the time of his offenses. Consequently, he cannot assert *Montgomery/Miller* as an exception to the PCRA timeliness requirement to obtain resentencing under *Batts II*. Thus, Appellant's petition remains time-

barred, and the PCRA court lacked jurisdiction to review it. ***See Zeigler,***

***supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/18