J-A12024-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD CARRINGTON WILLIAMS | : | |
| | : | |
| Appellant | : | No. 877 WDA 2019 |

Appeal from the PCRA Order Entered June 4, 2019
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001124-1992

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    FILED JULY 10, 2020

Appellant, Richard Carrington Williams, appeals pro se from the order

entered in the Fayette County Court of Common Pleas, which dismissed his

serial petition filed under the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On

April 21, 1993, a jury convicted Appellant of first-degree murder and the court

sentenced him to life without parole.  This Court affirmed the judgment of

sentence on May 25, 1994, and our Supreme Court denied allowance of appeal

on November 29, 1995.  See Commonwealth v. Williams, 647 A.2d 268

(Pa.Super. 1994), appeal denied, 543 Pa. 703, 670 A.3d 643 (1995)

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

(unpublished memorandum).

Between 1997 and 2017, Appellant unsuccessfully litigated multiple petitions for collateral relief. On August 1, 2018, Appellant filed pro se the current serial PCRA petition, while a prior PCRA petition was pending in the PCRA court. The court denied the current petition without prejudice.[2] After the PCRA court had disposed of the earlier filed PCRA petition, the court granted Appellant's pro se request to reinstate the current petition on September 18, 2018. Appellant subsequently filed two supplements to his current petition. On March 6, 2019, the PCRA court provided notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907; Appellant responded on March 21, 2019. On June 4, 2019, the court dismissed the current petition as untimely.

Appellant timely filed pro se a notice of appeal on June 17, 2019. On June 21, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on July 17, 2019. Appellant subsequently filed in this Court an application for remand to file an amended concise statement, which this Court granted on August 28, 2019. Appellant filed an amended concise statement on September 11, 2019.

_____

[2] We observe that the PCRA court was not jurisdictionally barred from considering more than one PCRA petition relating to the same judgment of sentence at the same time, where no order regarding the previously filed PCRA petition was pending on appeal. See Commonwealth v. Montgomery, 181 A.3d 359 (Pa.Super. 2008) (en banc).

Appellant raises the following issues for our review:

> Was...Appellant denied meaningful review of his after-discovered claim regarding [a] crucial alibi defense witness who reached out to...Appellant through [an] affidavit, and where for the first time Appellant was informed that counsel never in fact attempted to contact him, and that counsel gave false statements to the court regarding such investigation regarding the alibi witness?
>
> Was Appellant denied [the right to] appeal to the state Supreme Court from [a] timely PCRA and did counsel abandon Appellant for that purpose?
>
> Was Appellant denied [the right to] appeal to the state Supreme Court from [a] direct appeal as shown by [the] trial court's docket?
>
> Did [the PCRA] court fail to apply [the] proper standard of review regarding alibi witness[es] who have become available, and who w[ere] not present at trial due directly to ineffective assistance of counsel, where counsel gave false statements to court regarding alibi witness[es] and counsel's failure to secure witness[es]?
>
> Should the [PCRA] court judge recuse himself from the case due to after-discovered judicial misconduct?

(Appellant's Brief at 3).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Zeigler, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the timeliness provisions in the PCRA allow for limited circumstances under which the late

filing of a petition will be excused. See 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within one year of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3] The newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Commonwealth v. Bennett, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007); 42 Pa.C.S.A. § 9545(b)(1)(ii).

Instantly, Appellant's judgment of sentence became final on February 27, 1996, upon expiration of the 90-day period to file a petition for writ of certiorari in the U.S. Supreme Court. See U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition over 22 years later, which is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the newly-discovered facts timeliness exception per Section 9545(b)(1)(ii), claiming he recently learned of the potential alibi testimony of two witnesses, James Gibson and Kevin Morgan. The existence of these witnesses, however, is not a "new fact." Significantly, Appellant argued in previous PCRA petitions, including his first petition filed in 1997, that both of these individuals allegedly

_____

[3] As of December 24, 2018, Section 9545(b)(2) now allows any PCRA petition invoking a timeliness exception to be filed within one year of the date the claim first could have been presented. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Appellant filed the current PCRA petition in 2018, so the amendment applies to him.

could provide alibi testimony. Thus, Appellant failed to establish that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." See Bennett, supra; 42 Pa.C.S.A. § 9545(b)(1)(ii).

Further, to the extent Appellant frames his claims in the context of ineffective assistance of counsel, "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." Commonwealth v. Morris, 573 Pa. 157, 175, 822 A.2d 684, 694 (2003). Therefore, Appellant's current petition remains time-barred.[4] See Zeigler, supra. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2020

_____

[4] Moreover, Appellant unsuccessfully litigated in prior PCRA petitions the same claims he raised in the current petition. Therefore, he is not entitled to PCRA relief on these claims in any event. See 42 Pa.C.S.A. § 9543(a)(3) (providing that to be eligible for relief under PCRA, claim must not be previously litigated or waived).

- 5 -