J-S24029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JEROD JACKSON :
:
Appellant : No. 188 WDA 2021

Appeal from the PCRA Order Entered January 26, 2021
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001863-2012

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED:  October 5, 2021**

Appellant, Jerod Jackson, appeals *pro se* from the order entered in the

Fayette County Court of Common Pleas, which dismissed his serial petition

filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On

March 11, 2013, a jury convicted Appellant of six counts each of robbery,

aggravated assault, simple assault, recklessly endangering another person,

and theft by unlawful taking, in connection with a bank robbery.  The court

sentenced Appellant on April 8, 2013, to an aggregate 10 to 30 years'

incarceration.  This Court affirmed Appellant's judgment of sentence on

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

February 6, 2014, and our Supreme Court denied allowance of appeal on May 29, 2014. *See Commonwealth v. Jackson*, 97 A.3d 794 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 625 Pa. 663, 93 A.3d 462 (2014).

In 2015, Appellant filed a *pro se* PCRA petition, arguing he received an illegal mandatory sentence. The court appointed Attorney Diane Zerega as counsel, who filed an amended PCRA petition on November 16, 2015, reiterating Appellant's illegal sentencing claim. On January 6, 2016, the PCRA court granted relief, and on February 4, 2016, the court re-sentenced Appellant to an aggregate 10 to 20 years' incarceration. Appellant timely filed a post-sentence motion, which the court denied on February 24, 2016. Appellant did not file a direct appeal from his new judgment of sentence.

On November 27, 2017, Appellant filed a *pro se* PCRA petition. On August 2, 2018, appointed counsel filed an amended PCRA petition. The PCRA court conducted an evidentiary hearing on September 26, 2018. The next day, the PCRA court denied relief. On June 7, 2019, this Court affirmed the denial of PCRA relief based on untimeliness, and our Supreme Court denied allowance of appeal on October 22, 2019. *See Commonwealth v. Jackson*, 219 A.3d 220 (Pa.Super. 2019) (unpublished memorandum), *appeal denied*, _____ Pa. ____, 218 A.3d 861 (2019).

Appellant filed the current *pro se* PCRA petition on November 20, 2019. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition

on December 4, 2020. On January 8, 2021, Appellant filed a *pro se* response. The PCRA court denied relief on January 26, 2021. On February 5, 2021, Appellant timely filed a *pro se* notice appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on February 18, 2021, and Appellant timely complied.

Appellant raises the following issue for our review:

> Did the Common [P]leas [C]ourt make a small error by dismissing the [Appellant's] argument concerning [counsel's] error(s) and the [PCRA court's] decision to [dismiss] his claim as untimely.

(Appellant's Brief at 3).

Appellant argues that the court erred in denying relief without first holding an evidentiary hearing on his current PCRA petition. Appellant admits this petition is untimely, but he claims it meets a timeliness exception under the PCRA statute. Specifically, Appellant avers that Attorney Zerega was ineffective for failing to notify Appellant of the disposition of his post-sentence motion. Appellant purports to satisfy the "after-discovered evidence" exception, relying on a prison telephone log from 2016-2020 to substantiate his claim. Appellant concludes the PCRA court erred by denying relief, and this Court should grant him either a new trial or a new sentence. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of

direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the timeliness provisions in the PCRA allow for limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within one year of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The newly-discovered facts exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007); 42 Pa.C.S.A. § 9545(b)(1)(ii).

Instantly, Appellant's new judgment of sentence became final on March 25, 2016, after the time to file a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review ... or at the expiration of time for seeking the review"). Appellant had until March 25, 2017, to file a timely petition, so his current petition filed on November 20, 2019 is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant attempts to invoke the "newly-discovered facts" timeliness exception per Section 9545(b)(1)(ii), claiming that Attorney Zerega was ineffective for failing to notify him of the disposition of his post-sentence

motion following resentencing.[2]  Appellant raised this same ineffectiveness claim in his 2017 PCRA petition.  According to Appellant, Attorney Zerega testified at the 2018 PCRA hearing that she telephoned him about the denial of his post-sentence motions.  Appellant now submits as a his proposed "new fact" prison call logs purporting to discredit Attorney Zerega's testimony from the PCRA hearing.  Significantly, however, Appellant fails to explain why he could not have discovered the existence of these phone records sooner by the exercise of due diligence.  *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett, supra***.  Therefore, Appellant's current petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2021

_____

[2] Although Appellant characterizes his proposed timeliness exception as the "after-discovered evidence" exception, Appellant is attempting to invoke the "newly-discovered facts" exception to the PCRA time-bar.  ***See Commonwealth v. Burton***, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (explaining distinction between "newly-discovered facts" exception to PCRA time-bar and "after-discovered evidence" claim on merits of petition).