J-S36029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
TREVOR MATTIS :
:
Appellant : No. 1334 EDA 2021

Appeal from the PCRA Order Entered June 2, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1020081-1989

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.: **FILED DECEMBER 09, 2021**

Appellant, Trevor Mattis, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 20, 1990, Appellant was convicted of first-degree murder, conspiracy, possessing instruments of crime, and a violation of the Uniform Firearms Act. The court sentenced Appellant to life imprisonment for the murder conviction and imposed lesser sentences for the other crimes. This Court affirmed the judgment of sentence on July 14, 1992. **See Commonwealth v. Mattis**, 616 A.2d 717 (Pa.Super. 1992) (unpublished

_____

[*] Retired Senior Judge assigned to the Superior Court.

memorandum). Appellant did not seek further direct review.

Appellant's first two PCRA petitions did not result in relief. In 2011, Appellant litigated a third PCRA petition, in which he asserted the "newly-discovered facts" exception to the PCRA time-bar, relying on an affidavit from Kirk Crump. The Crump affidavit stated that Crump witnessed the shooting at issue and that someone other than Appellant was the shooter. The court denied PCRA relief, this Court affirmed on February 24, 2016, and our Supreme Court denied allowance of appeal on July 7, 2016. In affirming the denial of PCRA relief, this Court held, *inter alia*, that Appellant knew of Crump's presence at the crime scene since 1988, and Appellant failed to present a persuasive argument as to why he could not have discovered Crump's proffered testimony sooner with the exercise of due diligence. **See Commonwealth v. Mattis**, 141 A.3d 603 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 636 Pa. 647, 141 A.3d 479 (2016).

On December 18, 2018, Appellant filed the current *pro se* PCRA petition, asserting the "new constitutional right" exception to the PCRA time-bar, based on **Commonwealth v. Eric Small**, 647 Pa. 423, 189 A.3d 961 (2018) (discussing quality of proposed "new evidence" and stating new evidence must be of higher grade or character than previously presented on material issue to support grant of new trial). Appellant claimed that under this decision, he should be awarded a new trial based on the Crump affidavit. Appellant filed a supplemental *pro se* PCRA petition on December 11, 2020. On February 5,

2021, the court issued appropriate notice per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on February 24, 2021. On June 2, 2021, the court dismissed the petition as untimely. Appellant timely filed a *pro se* appeal on July 2, 2021, along with a voluntary concise statement per Pa.R.A.P. 1925(b).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, this Court affirmed Appellant's judgment of sentence on July 14, 1992. Appellant had 30 days to petition our Supreme Court for allowance of appeal. *See* Pa.R.A.P. 1113(a). He did not do so. Thus, Appellant's judgment of sentence became final on August 13, 1992, and the current petition is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), relying on *Eric Small, supra*. Nevertheless, this decision did

- 3 -

not announce a new constitutional right. *See Commonwealth v. Gibson*, 249 A.3d 1136 (Pa.Super. 2021) (unpublished memorandum)[1] (explaining Supreme Court's decision in *Eric Small* did not create new constitutional right).[2] Thus, Appellant's current petition remains time-barred, and we affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>12/9/2021</u>

---

[1] *See* Pa.R.A.P. 126(b) (explaining this Court may cite non-precedential decisions of Superior Court filed after May 1, 2019 for persuasive value).

[2] Appellant also relies on *Commonwealth v. Elwood Small*, ___ Pa. ___, 238 A.3d 1267 (2020) (disavowing "public record presumption" that had previously set forth that matters of public record cannot be facts unknown to petitioner to satisfy newly-discovered facts exception to PCRA time-bar), to support his claim that this Court erred in deciding Appellant had not exercised due diligence in discovering the Crump affidavit. Appellant's reliance on *Elmwood Small* is misplaced, however, because this Court did not render its conclusion regarding Appellant's failure to exercise due diligence by application of the public record presumption. *See Mattis, supra*.