2016 PA Super 212

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QUILIE ZEIGLER | |
| Appellant | No. 2022 MDA 2015 |

Appeal from the PCRA Order September 29, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002540-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

OPINION BY GANTMAN, P.J.:                    **FILED SEPTEMBER 14, 2016**

Appellant, Quilie Zeigler, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his third petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Upon execution of a search warrant at Appellant's home on April 3, 2012, police discovered numerous Oxycodone and Vicodin tablets, cocaine, marijuana, drug paraphernalia, and firearms.  On December 17, 2013, Appellant entered a negotiated guilty plea to two counts of possession of a controlled substance with the intent to deliver ("PWID") and one count each

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

of possession of drug paraphernalia and persons not to possess firearms. In exchange for Appellant's guilty plea, the Commonwealth agreed to withdraw an additional count of PWID and to recommend an aggregate term of five to ten years' imprisonment. At the conclusion of the guilty plea hearing, the court accepted Appellant's plea as knowing, intelligent, and voluntary, and imposed the negotiated sentence of an aggregate five to ten years' imprisonment. Appellant did not pursue direct review.

On August 6, 2014, Appellant timely filed a *pro se* PCRA petition, arguing ineffective assistance of plea counsel for failure to file a suppression motion. The court appointed counsel on August 12, 2014, who filed a motion to withdraw and no-merit letter on September 22, 2014, in accordance with **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On October 1, 2014, the court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and granted counsel's motion to withdraw. Appellant did not respond, and the court denied PCRA relief on October 28, 2014. Appellant did not appeal that decision.

On March 23, 2015, Appellant filed his second PCRA petition *pro se*, arguing plea counsel's ineffectiveness for failure to explain to Appellant the elements of the crimes charged, and the court's failure to issue an on-the-record statement of reasons for the sentence imposed. The court appointed

counsel on March 31, 2015; but, due to a conflict, the court permitted that attorney to withdraw and appointed new PCRA counsel on April 22, 2015. On June 10, 2015, new PCRA counsel filed a motion to withdraw and an accompanying *Turner*/*Finley* no-merit letter. The court issued appropriate notice per Rule 907 on June 23, 2015, and granted counsel's motion to withdraw. Appellant did not respond, and the court denied PCRA relief on August 3, 2015. Appellant did not appeal that decision.

Instead, on August 28, 2015, Appellant filed the current, third PCRA petition *pro se*, arguing plea counsel's failure to file a requested direct appeal on Appellant's behalf and seeking reinstatement of his direct appeal rights *nunc pro tunc*. The court denied PCRA relief on September 29, 2015.[2] Appellant filed a timely notice of appeal on October 13, 2015.[3] The court did not order Appellant to file a concise statement of errors complained of on

_____

[2] The PCRA court failed to issue Rule 907 notice before denying relief. Nevertheless, Appellant has not raised this issue on appeal, so he waived any defect in notice. *See Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim). Moreover, failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely. *Id.*

[3] The notice of appeal purports to stem from an order entered October 4, 2015. No order of that date appears on the docket or in the certified record. Notably, the proof of service attached to Appellant's notice of appeal is dated October 4, 2015. Thus, the record makes clear Appellant intended to appeal the September 29, 2015 order denying his third PCRA petition, but he mistakenly noted the date he handed his notice of appeal to prison authorities for mailing as the date of the order denying PCRA relief.

appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises one issue for our review:

> [PLEA] COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO PROPERLY FILE [APPELLANT'S] NOTICE OF APPEAL AND PCRA [COUNSEL] FAILED TO ARGUE [PLEA] COUNSEL'S INEFFECTIVE[NESS] FOR FAILING TO FILE FOR APPEAL ON [APPELLANT'S] BEHALF.

(Appellant's Brief at 4).

As a prefatory matter, we put to rest any concern about whether Appellant's appeal from the order denying his third PCRA petition should be quashed because he filed his current PCRA petition before the expiration of the time to appeal from the order denying his prior PCRA petition. For the following reasons, we hold Appellant had the choice to appeal from the order denying his second PCRA petition **or** to file a third PCRA petition within the thirty day appeal period. Appellant simply cannot do both, *i.e.*, file an appeal and file a subsequent PCRA petition contemporaneously, because prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition.

Pennsylvania law makes clear: "**[W]hen an appellant's PCRA appeal is pending before a court**, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000) (emphasis added). Significantly, our Supreme

- 4 -

Court has stated: "*Lark* holds only that a PCRA trial court cannot entertain a new PCRA petition when a prior petition is still under review **on appeal**...." *Commonwealth v. Porter*, 613 Pa. 510, 527, 35 A.3d 4, 14 (2012) (explaining *Lark* does not address PCRA court's authority where **no appeal is pending**). *See also Commonwealth v. Whitney*, 572 Pa. 468, 817 A.2d 473 (2003) (holding *Lark* is inapplicable when no appeal is presently pending, even where parallel *habeas corpus* is proceeding in federal court).

Instantly, the PCRA court denied Appellant's second PCRA petition on August 3, 2015. Instead of filing an appeal, Appellant chose to file a third PCRA petition on August 28, 2015, within the time for taking an appeal. Because Appellant did not seek review from the denial of his second PCRA petition, he had no appeal pending when he filed his third PCRA petition on August 28, 2015. *Lark* does not apply in this situation. Likewise, *Lark* did not require Appellant to wait until the 30-day appeal period had expired on September 2, 2015, before he could file his third PCRA petition. Thus, we decline to deem Appellant's current PCRA petition as prematurely filed. *See Lark, supra*. *See also Porter, supra*; *Whitney, supra*. If Appellant had then filed an appeal on or before September 2, 2015, the appeal would take precedence and his current petition would be subject to dismissal under the *Lark* rule. The PCRA court, however, denied Appellant's current petition on September 29, 2015, and he timely filed his appeal on October 13, 2015. Therefore, Appellant's appeal is properly before us.

Nevertheless, the timeliness of a PCRA petition is also a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petitioner must present his

claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Here, the court sentenced Appellant on December 17, 2013. He did not pursue direct review. So, Appellant's judgment of sentence became final on or about January 16, 2014, upon expiration of the time to file a notice of appeal with the Superior Court. **See** Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Thus, Appellant's current PCRA petition, filed on August 28, 2015, is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant fails to acknowledge the untimeliness of his petition or invoke any exception. Appellant's claim of plea counsel's ineffectiveness does not satisfy an exception to the PCRA time bar. **See Gamboa-Taylor, supra** (explaining general rule that claim of ineffective assistance of counsel does not save otherwise untimely PCRA petition for review on merits). Consequently, Appellant's third PCRA petition remains untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2016