J-S13013-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RALPH LEE YENDELL | : | |
| | : | |
| Appellant | : | |
| | : | No. 726 WDA 2017 |

Appeal from the PCRA Order April 12, 2017
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000267-2009

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    FILED MAY 21, 2018

Appellant, Ralph Lee Yendell, appeals pro se from the order that denied his serial petition per the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. On January 22, 2010, a jury convicted Appellant of two counts of involuntary deviate sexual intercourse and one count each of five related offenses. The court sentenced Appellant on March 30, 2010, to an aggregate term of 17-35 years' incarceration. On June 7, 2011, this Court affirmed. See Commonwealth v. Yendell, 31 A.3d 737 (Pa.Super. 2011) (unpublished memorandum). Appellant sought no further direct review, so the judgment of sentence became final on July 7, 2011. Appellant timely filed his first pro se PCRA petition on May 14, 2012; the PCRA court appointed counsel and later denied relief on May 30, 2013. This Court affirmed on October 16, 2014, and our Supreme Court denied allowance of appeal on May 1, 2015. See

Commonwealth v. Yendell, 108 A.3d 116 (Pa.Super. 2014) (unpublished memorandum), appeal denied, 631 Pa. 743, 114 A.3d 417 (2015). In September 2015, Appellant filed two pro se PCRA petitions, which the court denied without a hearing on September 16, 2015, and October 6, 2015, respectively.

Appellant filed his current pro se PCRA petition on March 7, 2016. The court issued Rule 907 notice on March 17, 2017; Appellant filed a pro se response on April 6, 2017. On April 12, 2017, the PCRA court denied relief. Appellant filed a timely pro se notice of appeal on May 9, 2017, per the prisoner mailbox rule; he timely filed a court-ordered Rule 1925(b) statement on June 1, 2017.

The timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Zeigler, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition and are also subject to a separate 60-day deadline. 42 Pa.C.S.A. § 9545(b)(1-2). The timeliness exception in Section 9545(b)(1)(i) requires the petitioner to plead and prove his failure to raise the claim previously was the result of government interference. See 42 Pa.C.S.A. § 9545(b)(1)(i). To assert the newly created

constitutional right exception per Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." Commonwealth v. Chambers, 35 A.3d 34, 41 (Pa.Super. 2011), appeal denied, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, the judgment of sentence became final on July 7, 2011, upon expiration of the time to file a petition for allowance of appeal in our Supreme Court. See Pa.R.A.P. 1113(a). Appellant filed the current pro se PCRA petition on March 7, 2016, which is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "government interference" exception by asserting the PCRA court did not comply with Pa.R.Crim.P. 907 when it denied without a hearing Appellant's 2015 pro se PCRA petitions as untimely. As Appellant failed to challenge the oversight on appeal, he waived his Rule 907 complaint. Appellant also attempts to invoke the "new constitutional right" exception, citing Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Alleyne, however, does not apply in Appellant's case. See Commonwealth v. Washington, 636 Pa. 301, 142 A.3d 810 (2016) (holding Alleyne cannot be used retroactively on collateral review to challenge sentences which became final before Alleyne was decided). Appellant also raises several generic claims of ineffective assistance of counsel, which do not serve as a PCRA timeliness exception. See Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000) (stating generic allegations of ineffective assistance of counsel, even

if cast in language of statutory exception, do not generally establish jurisdiction over otherwise untimely PCRA petition). Finally, Appellant asserts this Court erred when it affirmed the judgment of sentence on direct appeal, which is not a cognizable claim under the PCRA. See 42 Pa.C.S.A. § 9543(a). Thus, Appellant's petition remains time-barred. See Zeigler, supra. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2018