J-S53045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| OMAR CASH | : | |
| | : | |
| Appellant | : | No. 122 EDA 2018 |

Appeal from the PCRA Order December 4, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003526-2008

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED OCTOBER 02, 2018**

Appellant, Omar Cash, appeals from the order entered in the Bucks County Court of Common Pleas, which denied his second petition per the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On May 27, 2010, a jury convicted Appellant of first-degree murder, rape, and numerous other offenses in connection with his murder of one victim and rape of another victim, MCDA.  Relevant to this appeal, MCDA was not in the United States legally at the time of the crimes.  The Commonwealth and federal government helped MCDA obtain a U-Visa, which grants temporary legal status and work eligibility to crime victims who cooperate with prosecution.  Appellant is currently serving an aggregate sentence of life in prison plus 68½ to 137 years' imprisonment, which the court entered on June 2, 2010, and amended, pursuant to post-sentence motions, on November 12, 2010.  This Court

_____
* Retired Senior Judge assigned to the Superior Court.

affirmed the judgment of sentence on December 14, 2011; our Supreme Court denied allowance of appeal on May 31, 2012. *See Commonwealth v. Cash*, 40 A.3d 191 (Pa.Super. 2011), *appeal denied*, 616 Pa. 632, 47 A.3d 844 (2012). Appellant timely filed *pro se* his first PCRA petition on August 15, 2012. After multiple PCRA hearings, the PCRA court denied relief on February 5, 2015. This Court affirmed the denial of PCRA relief on December 28, 2015; our Supreme Court denied a petition for allowance of appeal on June 29, 2016. *See Commonwealth v. Cash*, 135 A.3d 667 (Pa.Super. 2015), *appeal denied*, 636 Pa. 645, 141 A.3d 478 (2016).

On January 23, 2017, Appellant sent a letter to the Department of Homeland Security ("DHS") to request MCDA's alien file. DHS responded on February 22, 2017, stating it could not confirm or deny the existence of MCDA's file. On March 17, 2017, Appellant filed a motion to compel against DHS, which the magisterial district court denied on April 17, 2017. Appellant filed the current *pro se* PCRA petition on June 12, 2017, and amended it on June 29, 2017. On August 10, 2017, the PCRA court conducted a hearing. The PCRA court denied relief on December 4, 2017. Appellant timely filed a notice of appeal on December 29, 2017. On January 3, 2018, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors; Appellant timely complied on January 24, 2018.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA

petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on August 29, 2012, following the 90 days for filing a petition for *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on June 12, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the new-facts exception per Section 9545(b)(1)(ii), claiming the possibility of non-existence of MCDA's U-Visa would have provided impeachment evidence at trial. Nevertheless, Appellant failed to prove how, with the exercise of due diligence, he could not have discovered this "fact" earlier, when MCDA's U-Visa status was discussed as early as a pre-trial hearing on May 3, 2010. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Additionally, the DHS letter neither confirms nor denies the existence of MCDA's U-Visa and is itself arguably not a "new" fact. Appellant

also attempts to invoke the governmental interference exception per Section 9545(b)(1)(i), alleging the prosecution did not disclose material information of MCDA's immigration status; but, Appellant failed to plead or prove how the government prevented him from bringing this claim. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). Thus, Appellant's current petition remains time-barred, and the PCRA court lacked jurisdiction to review it. *See Zeigler, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/18