J-S02032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL GREGO | : | |
| | : | |
| Appellant | : | No. 2269 EDA 2018 |

Appeal from the PCRA Order Entered July 2, 2018
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000322-2007

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED FEBRUARY 12, 2019**

Appellant, Michael Grego, appeals from the order entered in the Monroe County Court of Common Pleas, which denied as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On November 14, 2008, a jury convicted Appellant of attempted rape, multiple counts of corruption of minors, indecent exposure, open lewdness, unlawful contact with a minor, and other related offenses, in connection with Appellant's sexual abuse of three minors. The court sentenced Appellant on March 17, 2009, to an aggregate term of 135 to 288 months' incarceration. This Court affirmed the judgment of sentence on March 17, 2011. **See Commonwealth v. Grego**, 26 A.3d 1196 (Pa.Super. 2011). Appellant did not pursue further direct review.

Appellant timely filed his first PCRA petition *pro se* on June 1, 2011. The

court appointed counsel on June 7, 2011. Following a hearing on December 19, 2011, the court denied relief on February 24, 2012. This Court affirmed the denial of PCRA relief on November 1, 2012, and our Supreme Court denied allowance of appeal on July 2, 2013. **See Commonwealth v. Grego**, 63 A.3d 818 (Pa.Super. 2012), *appeal denied*, 620 Pa. 720, 69 A.3d 600 (2013).

On December 11, 2017, Appellant filed the current *pro se* PCRA petition. The court appointed counsel on December 14, 2017. Following a hearing on March 27, 2018, the court denied PCRA relief on July 2, 2018. Appellant timely filed a notice of appeal on July 29, 2018. On July 31, 2018, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b). Appellant timely complied on August 20, 2018.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on April 16, 2011, upon expiration of the 30 days to file a petition for allowance of appeal

in the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a). Appellant filed the current PCRA petition on December 11, 2017, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), relying on *Commonwealth v. Maconeghy*, 642 Pa. 770, 171 A.3d 707 (2017) (holding expert witness may not express opinion that particular complainant was victim of sexual assault based upon witness accounts couched as history, **in absence of physical evidence of abuse**; such testimony invades province of jury relative to determining credibility). Even if Appellant could establish that *Maconeghy* announced a new constitutional right subject to retroactive application, *see* 42 Pa.C.S.A. § 9545(b)(1)(iii), he still would not be entitled to relief. Significantly, the Commonwealth presented physical evidence of sexual abuse at trial, so *Maconeghy* is inapposite. Thus, Appellant's current PCRA petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19