J-S07045-22

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES KENNETH ARRINGTON, JR. | : | |
| | : | |
| Appellant | : | No. 937 WDA 2021 |

Appeal from the PCRA Order Entered June 23, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001694-2018

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: MARCH 23, 2022**

James Kenneth Arrington, Jr. (Arrington) appeals *pro se* and *nunc pro tunc* from the order entered in the Court of Common Pleas of Erie County (PCRA court) dismissing his second petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Arrington challenges the propriety of the order entered in his first PCRA proceeding and the effectiveness of plea counsel. We affirm the order of the PCRA court.

## I.

On January 9, 2020, Arrington entered a negotiated guilty plea to one count each of possession with intent to deliver a controlled substance and

---

[*] Retired Senior Judge assigned to the Superior Court.

criminal use of a communication facility.[1]  The charges were brought after Arrington sold a combination of heroin and fentanyl to a confidential informant on three separate occasions in the spring of 2018.

Prior to entering his plea, Arrington executed a written Statement of Understanding of Rights in which he represented that the plea "is made voluntarily by me without any pressure or promise not reflected on this paper, and that I fully understand all of my rights in choosing to plead guilty." (Statement of Understanding of Rights, 1/09/20).  Arrington was represented by counsel at the plea and sentencing hearing, and the trial court conducted a colloquy during which Arrington averred that he understood the terms of the plea agreement and the elements of the crimes to which he was pleading guilty; that he was guilty of the offenses; and that no one had forced him or promised him anything to enter the plea.

After the court accepted Arrington's plea as voluntary, intelligent and knowing, Arrington waived preparation of a pre-sentence investigation report and elected to proceed immediately to sentencing.  Counsel and the court then addressed the possibility of running Arrington's sentence concurrently with the state parole sentence that he was then serving, as it related to receiving credit

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 7512(a).

for time served. (***See*** N.T. Guilty Plea, 1/09/20, at 11-13).[2] The trial court sentenced Arrington in accordance with the parties' agreed-upon recommended sentence to an aggregate term of 27 to 54 months' incarceration. Arrington did not file a direct appeal.

In August 2020, Arrington filed a counseled first PCRA petition challenging the validity of his guilty plea, arguing that the trial court "created the impression and the Petitioner thereby held the expectation that the sentence of 27 to 54 months was to be served concurrently with any other sentence including any back time imposed from a revocation." (***See*** PCRA Petition, 8/17/20, at 1-2). Arrington requested amendment of the sentence to comport with the plea agreement. The Commonwealth countered that the court sentenced Arrington to the agreed-upon recommended sentence, and that nothing was promised or could be guaranteed to Arrington regarding his separate parole revocation, which was within the discretion of the state parole board. (***See*** Commonwealth's Response to PCRA petition, 9/11/20, at 1-3). The PCRA court held a hearing and granted Arrington limited relief on December 4, 2020, by entering an order specifying that his sentence began

_____

[2] The record indicates that there was some confusion as to whether the trial court could run the time concurrently, and the court indicated that it had no issue with that and would run the sentence "concurrent with any State parole hit." (***Id.*** at 13). However, the issue of time credit associated with parole violations is left to the discretion of the state parole board. ***See*** 61 Pa.C.S. § 6138(2.1) (governing parole violations).

to run on January 9, 2020, the date he was sentenced in this case, and directing that he receive credit for any time served on the charges at this docket. (*See* Order, 12/04/20).

Arrington filed the instant *pro se* PCRA petition on June 1, 2021, again contesting the validity of his plea and his sentence. Arrington characterized the December 4, 2020 order as a "modification" of his initial sentence and alleged that the order is illegal because the PCRA court entered it outside of his presence without notice. Arrington also advanced claims of ineffective assistance of counsel by contending that his plea was unlawfully induced by a promise that his sentence would run concurrently with the separate state parole sentence. (*See* PCRA petition, 6/01/21, at 6, 10).

On June 4, 2021, the PCRA court issued Rule 907 notice to dismiss the PCRA petition without a hearing. *See* Pa.R.Crim.P. 907(1). In doing so, the court explained that the December 4, 2020 order did not modify the original sentence, "but rather reiterated that the sentence was to begin [on January 9, 2020] and that Petitioner should receive all time credit applicable to that docket." (Rule 907 Notice, 6/04/21, at 2). The PCRA court also stated that Arrington was not induced into pleading guilty and that the bargained-for sentencing recommendation was accepted and imposed by the court. On June 23, 2021, the PCRA court entered its order dismissing the petition. Arrington

filed a *pro se* notice of appeal[3] and he and the PCRA court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b).

**II.**

Before we may consider the merits of Arrington's PCRA petition, we must first address whether it is timely under the PCRA's jurisdictional time-bar. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).[4] A judgment of sentence becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

In this case, although Arrington attempts to cast the PCRA court's December 4, 2020 order as a new modified sentence, the PCRA order merely reiterated and clarified the original sentence and does not constitute a new

_____

[3] Although Arrington's notice of appeal dated August 12, 2021, is facially untimely, the PCRA court granted Arrington's request for *nunc pro tunc* relief.

[4] The issue of whether a PCRA petition is timely raises a question of law over which our standard of review is *de novo*. **See Commonwealth v. Reid**, 235 A.3d 1124, 1166 (Pa. 2020).

order from which a direct appeal can be taken or from which the PCRA run date begins. Arrington's judgment of sentence became final on February 9, 2020, when his time to file a direct appeal expired. *See* 42 Pa.C.S. § 9543(b)(3).[5] Because he did not file the instant PCRA petition until June 1, 2021, it is facially untimely and he must plead and prove one of the three limited exceptions to the time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In his appellate brief, Arrington does not invoke any of these exceptions and instead raises arguments challenging the propriety of the December 4, 2020 order he claims was imposed without notice and the effectiveness of counsel concerning his "involuntary" plea. (*See* Arrington's Brief, at 8-9, 13-14). However, neither of these contentions serve as a basis for PCRA relief.

_____

[5] Arrington's position that the order entered in his first PCRA proceeding somehow reset the one-year timeliness requirement lacks any legal support.

First, with regard to Arrington's claim concerning the December 4, 2020 order, he was required to take a direct appeal from that order to address any purported defect in that order within 30 days of its entry. *See* Pa.R.A.P. 903(a) (providing that notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). Because Arrington did not take a timely appeal from that order, we are without jurisdiction to review his first claim.[6]

Arrington next contends the PCRA court erred in failing to find that counsel provided ineffective assistance in connection with entry of his unlawfully induced guilty plea. However, it is well-settled that a "claim of ineffective assistance of counsel does not save an otherwise untimely PCRA petition for review on the merits." *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016) (citation omitted). Because Arrington's ineffective assistance of counsel claim cannot satisfy an exception to the PCRA's time-bar, we lack jurisdiction to review it.[7]

Order affirmed.

---

[6] To the extent that Arrington attempts to use the December 4, 2020 order to again challenge the time credit/parole violation issue, such claim was previously litigated in his first counseled petition and is unreviewable on this basis as well. *See* 42 Pa.C.S. §§ 9543(a)(3); 9544(a)(2).

[7] Although our reasoning differs from the PCRA court in that it did not conduct a timeliness analysis, it is well-settled that we may affirm on any basis. *See Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2022