J-A06044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON CARGILE | : | |
| | : | |
| Appellant | : | No. 1267 WDA 2020 |

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014493-2013

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 14, 2022**

Brandon Cargile, *pro se*, appeals from the order dismissing, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546. On appeal, Cargile chiefly contends that the lower court erred by not recusing itself from his case. Given the juxtaposition of when his judgment of sentence became final, approximately six years ago, and the date that he filed the present PCRA petition, some three years ago, Cargile's petition is patently untimely. Through the most thorough reading of Cargile's brief and reply brief, we are unable to discern him having demonstrated any exception to the PCRA's time bar. As such, we are without jurisdiction to consider the merits of his appeal, and we affirm the order dismissing his petition.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Reproduced from his appeal of a prior PCRA petition:

> [i]n 2013, [Cargile] was charged with criminal attempt to commit involuntary deviate sexual intercourse with a child (attempted IDSI), unlawful contact with a minor, corruption of a minor, indecent exposure, and endangering the welfare of a child.[1]
>
> This matter proceeded to trial[,] and the jury found [Cargile] guilty of all charges. The trial court sentenced [Cargile] to serve consecutive terms of 10 to 20 years of incarceration for attempted IDSI and unlawful contact with a minor. The trial court imposed no further penalty for the remaining offenses. [Cargile] did not file post-sentence motions. On direct appeal, this Court affirmed [Cargile's] judgment of sentence, and our Supreme Court denied [Cargile's] petition for allowance of appeal on April [1]3, 2016. ***Commonwealth v. Cargile***, 52 WDA 2015 (Pa. Super. Dec. 30, 2015) (unpublished memorandum), ***appeal denied***, 136 A.3d 978 (Pa. 2016).

***Commonwealth v. Cargile***, 2018 WL 2251071, at * 1 (Pa. Super. May 17, 2018) (footnotes omitted). Following denial of his petition for allowance of appeal, Cargile did not seek further review from the United States Supreme Court.

Cargile filed the current PCRA petition on May 9, 2019, which was dismissed roughly six months later. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Montalvo***, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

---

[1] ***See*** 18 Pa.C.S.A. §§ 901(a), 3123(b); 18 Pa.C.S.A. § 6318(a)(1); 18 Pa.C.S.A. § 6301(a)(1)(i); 18 Pa.C.S.A. § 3127(a); and 18 Pa.C.S.A. § 4304(a), respectively.

For a petitioner to seek relief under the PCRA, he or she must satisfy the jurisdictional requisite of timeliness. *See Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). Specifically, PCRA petitions must be filed within one year of the date a judgment of sentence becomes final. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007); 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

However, there are three exceptions to the PCRA's time bar, which involves a petitioner asserting: (1) newly-discovered facts; (2) interference by a government official; or (3) a newly-recognized constitutional right. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If the claim predicated on one of these three exceptions arises on December 24, 2017, or thereafter, a petitioner must file his or her petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[1] Regardless of the claim's genesis date, "[o]ur Supreme Court has repeatedly stated it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Smallwood*, 155 A.3d 1054, 1060 (Pa. Super. 2017)

---

[1] If the claim arises prior to December 24, 2017, it is subject to the dictates of this subsection's prior wording, which provided a sixty-day filing period from the date the claim became known.

(citation omitted).

Cargile's judgment of sentence became final in July 2016, which is ninety days after our Supreme Court denied his petition for allowance of appeal, and nothing more was sought from the United States Supreme Court. *See* Sup. Ct. R. 13(a) ("A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). As such, because Cargile's instant PCRA petition was filed in 2019, it is facially untimely.

In this appeal, Cargile claims that the lower court: (1) erred by not recusing itself due to bias; (2) erred by "holding *voir dire* in front of a jury"; (3) erred by sentencing him in the aggravated range without adequate reasons; and (4) erred by denying his trial counsel's motion to withdraw without a hearing. Appellant's Brief, at 5. In his reply brief, Cargile asserts that he has satisfied an exception to the PCRA's time bar because the court's "bias and prejudice were brought to the light by this said court. Calling into question all the cases [it] presided over in such fashion." Appellant's Reply Brief, at 1 (unpaginated).

In response, the Commonwealth indicates that Cargile "has failed even to address the subject of the PCRA's timeliness exceptions, must less demonstrate how he has fulfilled one of them." Appellee's Brief, at 5. We agree.

Although Cargile, in his first argument section, avers that the lower court "held an aggressive bias toward any and all sex offenders even if they were guilty or not," Appellant's Brief, at 10, he does not illuminate which exception to the PCRA's time bar this claim falls under, nor does he establish when he became aware of this alleged bias.

His other arguments suffer from the same, or similar, deficiencies. In his second issue raised, Cargile's declares that the lower court "purposely held a competen[]cy/*voir dire* in front of the jury to bolster the testimony of the witness." ***Id***., at 11. Correspondingly, Cargile claims the court violated Pennsylvania Rule of Evidence 601(b). Much like his first contention, Cargile provides no discussion of the PCRA's time bar nor any indicia of when he became aware of the court's so-called erroneous actions.

In his third issue, Cargile maintains that the court abused its discretion in crafting his aggregate sentence. The appropriateness of raising such an argument in his present PCRA petition aside, it strains credulity that Cargile would not have been aware of his own sentence at his sentencing hearing. Stated differently, Cargile has provided no excuse as to why he could not have raised a timely challenge to his sentence within sixty days or one year from the point at which his judgment of sentence became final. Moreover, none of the three exceptions to the PCRA's time bar are fairly suggested in this section of his brief.

Finally, his fourth contention deals with a January 13, 2014 motion to

withdraw filed by his trial counsel. Again, there is no mention as to the basis under which he is attempting to circumvent the PCRA's time bar.

While Cargile had an additional opportunity to provide at least some level of clarity on the basis or bases relied upon, his reply brief is, much like his primary brief, insufficient. As stated, *supra*, although it purports to satisfy the requirement necessary to get around the PCRA's time bar, Cargile utilizes his reply brief to again baldly and vaguely assert that the lower court was biased and prejudiced toward both him and similarly situated defendants.

As Cargile has failed to discuss, much less prove, that his claims fall under the auspice of one of the PCRA's three time bar exceptions and because it was his burden to do so, we are without jurisdiction to consider the merits of his underlying claims. Consequently, we are constrained to affirm the PCRA court's order dismissing his petition.[2]

Order affirmed.

_____

[2] In its opinion, the trial court identifies that Cargile was directed to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal and even given an extension of time to do so, but that he never filed such a statement. **See** Trial Court Opinion, 7/26/21, at 1 (unpaginated). Cargile's reply brief asserts that he "did file a concise statement of errors on June 13, 2021." Appellant's Reply Brief, at 2. In addition, Cargile included his monthly account statement purporting to demonstrate that he paid for postage in conjunction with filing his concise statement. Given our disposition in finding that Cargile failed to overcome the PCRA's time bar, it is unnecessary to resolve this ambiguity.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2022