J-S07040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| TERRANCE WASHINGTON | : | |
| Appellant | : | No. 671 EDA 2022 |

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0711021-1996

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| TERRANCE WASHINGTON | : | |
| Appellant | : | No. 672 EDA 2022 |

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0711091-1996

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| TERRANCE WASHINGTON | : | |
| Appellant | : | No. 673 EDA 2022 |

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0711141-1996

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
Appellee :
:
v. :
:
TERRANCE WASHINGTON :
:
Appellant :      No. 674 EDA 2022

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1009712-1996


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
Appellee :
:
v. :
:
TERRENCE WASHINGTON :
:
Appellant :      No. 675 EDA 2022

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1107481-1997


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
Appellee :
:
v. :
:
TERRANCE WASHINGTON :
:
Appellant :      No. 676 EDA 2022

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1107621-1997

J-S07040-23

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
TERRANCE WASHINGTON :
:
Appellant : No. 677 EDA 2022

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1107651-1997


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
TERRANCE WASHINGTON :
:
Appellant : No. 678 EDA 2022

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1107671-1997


BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 25, 2023**

Appellant, Terrance Washington, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court opinion set forth some of the relevant facts and procedural history of this case as follows:

- 3 -

[Appellant] was arrested and charged in connection with several gun-point robberies of state liquor stores committed in 1996. While he was awaiting trial on house arrest with electronic monitoring, [Appellant] removed his electronic ankle bracelet and committed additional robberies, some even at the very same liquor stores he had robbed before. [Appellant] was arrested again and taken into custody. Following a two-day trial in January 1998, a jury found [Appellant] guilty of four counts of robbery, two counts of criminal conspiracy, two violations of the Uniform Firearms Act (VUFA), and two counts of possessing an instrument of crime (PIC).[2] On January 21, 1998, [Appellant] entered an open guilty plea on 17 additional counts of robbery, conspiracy, VUFA, PIC, and theft of firearms.[3] On February 24, 1998, [the c]ourt sentenced him to an aggregate sentence of 35 to 70 years' state incarceration.

> [2] The jury convictions were for docket numbers: CP-51-CR-0711021-1996; CP-51-CR-0711091-1996; CP-51-CR-0711141-1996; CP-51-CR-1009712-1996.

> [3] The open plea was for docket numbers: CP-51-CR-1107481-1997; CP-51-CR1107621-1997; CP-51-CR-1107651-1997; CP-51-CR-1107671-1997.

[Appellant] filed a petition to modify sentence. This was denied on March 5, 1998. No direct appeal was filed. … On October 14, 2003, [Appellant's] appellate rights were reinstated for seven of his eight cases.[4] He filed a Notice of Appeal on October 27, 2003. The Superior Court affirmed [Appellant's] convictions and sentence on October [1]4, 2005. [Appellant's] Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied on June 27, 2006. [*See Commonwealth v. Washington*, 890 A.2d 1109 (Pa.Super. 2005) (unpublished memorandum), *appeal denied*, 588 Pa. 750, 902 A.2d 1241 (2006)].

> [4] Due to an error in paperwork, on February 24, 1998, [Appellant] was sentenced on only seven docketed cases. [Appellant] was separately sentenced with respect to an eighth docketed case on December 17, 1998. The [c]ourt sentenced him to a concurrent sentence of 5 to 10 years' state incarceration. …

[In 2007, Appellant filed a *pro se* PCRA petition]. On August 6, 2008, [the c]ourt dismissed [Appellant's] petition as meritless. [Appellant] filed a Notice of Appeal directly with the Superior Court, who returned the appeal to [Appellant] since he should have filed it with the Court of Common Pleas. [Appellant] then forwarded his Notice of Appeal to the Court of Common Pleas, who returned it to [Appellant] on November 5, 2008, and informed him that it was filed untimely and that he "must file a PCRA to have [his] Appeal Rights reinstated."

On November 20, 2008, [Appellant] filed [another] *pro se* PCRA petition, seeking permission to appeal *nunc pro tunc* the dismissal of his prior PCRA petition. On May 14, 2010, [the c]ourt conducted an evidentiary hearing, at which time appointed PCRA counsel argued that [Appellant's] PCRA petition should not be barred for untimeliness. On February 4, 2011, … [the c]ourt dismissed the petition as untimely. On February 22, 2011, [Appellant] filed a *pro se* Notice of Appeal.

On September 20, 2012, the Superior Court reinstated [Appellant's] appellate rights *nunc pro tunc* [concerning the August 6, 2008 denial of PCRA relief. ***See Commonwealth v. Washington***, 60 A.3d 857 (Pa.Super. 2012) (unpublished memorandum)]. The Superior Court then ordered the parties to brief the issues preserved for appeal, which they did. On May 12, 2015, the Superior Court reversed the PCRA court's dismissal of [Appellant's 2007] PCRA petition and remanded the matter, instructing [the c]ourt to conduct an evidentiary hearing in order to determine (1) whether trial counsel was ineffective for failing to call Zenata Harper as an alibi witness at trial and (2) whether trial counsel was ineffective for failure to communicate a plea offer. [***See Commonwealth v. Washington***, 122 A.3d 446 (Pa.Super. 2015), *aff'd*, 636 Pa. 301, 142 A.3d 810 (2016)].

On June 29, 2017, [the c]ourt conducted an evidentiary hearing to determine whether trial counsel had been ineffective with respect to the two issues identified by the

Superior Court.[1]

(PCRA Court Opinion, filed 10/11/17, at 1-4).

At the 2017 PCRA hearing, Appellant testified that he reviewed the docket and discovered three entries marked "offer rejected" on September 3, 1996, December 9, 1996, and January 7, 1998. (N.T. PCRA Hearing, 6/29/17, at 12). Appellant claimed he had no recollection of rejecting plea offers on those dates and maintained that trial counsel had failed to advise him of any global plea offer extended by the Commonwealth, of a 15 to 30 years' incarceration offer, or of a 30 to 60 years' incarceration offer. (*Id.* at 13-15). Appellant insisted that he wanted to be offered "whatever the … plea offer that was offered on the three dates on the docketing sheet." (*Id.* at 21).

Michael Contos, who represented Appellant for his first four robbery cases at trial, testified that he did not advise Appellant of certain plea deals because Appellant had rejected prior offers and insisted on going to trial. (*Id.* at 48-50). Further, Mr. Contos read from a document in Appellant's file written by a previous defense attorney, Maureen McCartney, stating:

> When I last talked to [Appellant] on October 19, 1997, he said he wanted to rumble—"rumble" is underlined twice— with juries on all cases. At this point, too, DA is unwilling to make offer on whole package. New cases are not even through the preliminary hearing stage. The offer for his four cases already at trial stage is around 20 to 25 years.

---

[1] At the start of the June 29, 2017 hearing, Appellant abandoned his claim regarding the failure to call an alibi witness.

(*Id.* at 57-58). Mr. Contos then recalled an offer for a plea deal of 20 to 40 years' incarceration or 25 to 50 years' incarceration, but only for the first four robbery dockets. (*Id.* at 62-63).

Nigel Greene, an assistant district attorney assigned to the subsequent four robbery cases, testified that he did not recall a global plea offer, especially in light of the fact that when the 1996 plea offers were made, police had not yet arrested Appellant at the additional four robbery dockets. (*Id.* at 75). Further, Appellant entered an open guilty plea at the four 1997 robbery dockets, indicating that Appellant pled guilty without any plea deals. (*Id.*).

Robert Jovanov, an attorney with the Defender Association assigned to Appellant's pre-trial conferences, testified that his 1996 files documented an "offer rejected" for 15 to 30 years' incarceration for one docket. (*Id.* at 79).

Charles Junod, who worked on pretrial matters for the Philadelphia District Attorney's Office, testified that there was a September 3, 1996 offer sheet for three of the four earlier robbery dockets with an offer of 15 to 30 years' incarceration. (*Id.* at 108-09). For the fourth robbery docket, there was an additional 15 to 30 years' incarceration offer. (*Id.* at 110). Further, Mr. Junod explained that if a case went past the pretrial stage, the file would be marked "offer rejected" if the Commonwealth had made any plea offer which the defendant did not accept. (*Id.* at 117). Additionally, Mr. Junod confirmed that docket entries were handwritten at the time. (*Id.* at 113).

Following the PCRA hearing:

[The c]ourt dismissed [Appellant's] petition as meritless, finding that [Appellant] had failed to meet his burden under **Copeland**.[4] On June 30, 2017, [Appellant] filed a Notice of Appeal to Superior Court. On July 20, 2018, the Superior Court affirmed [the c]ourt's dismissal. On December 19, 2018, the Pennsylvania Supreme Court denied *allocatur*. [**See Commonwealth v. Washington**, 194 A.3d 692 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 650 Pa. 127, 199 A.3d 342 (2018)[2]].

> [4] [**See Commonwealth v. Copeland**, 554 A.2d 54, 61 (Pa.Super. 1988), *appeal denied*, 523 Pa. 640, 565 A.2d 1165 (1989)] (In order to establish counsel's ineffectiveness specifically based upon the failure to communicate a plea offer, [Appellant] must demonstrate: "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced

_____

[2] This Court affirmed the denial of PCRA relief based on the PCRA court's conclusion that:

> (1) Appellant failed to show that the Commonwealth had extended a "global offer" of 20 to 40 years or 25 to 50 years because at the time he claims the Commonwealth made this offer his later cases were still in the preliminary hearing stage and were not yet ready for plea negotiations; (2) the January 7, 1998 docket notation marked "offer rejected" was most likely a clerical error; (3) there is no evidence that the Commonwealth ever made any offer with respect to Appellant's four 1997 cases; (4) Appellant failed to prove that his attorneys failed to convey offers to him or lacked a reasonable basis for doing so as the evidence demonstrated that the Commonwealth made two separate offers of which Appellant's counsel informed him and he formally rejected; (5) Attorney Contos' testimony evidenced a reasonable basis for not conveying certain plea offers to Appellant; and (6) Appellant failed to demonstrate that he suffered prejudice because the "global offer" he relies upon to support this prong never existed[.]

**See id.**

thereby.").

> On May 14, 2021, [Appellant] filed the instant *pro se* [PCRA] petition…. He filed an amended petition on July 30, 2021, claiming he had "new evidence" that would prove that the Commonwealth conveyed a "global plea offer" … that counsel failed to communicate to him. Specifically, he claims that he hired a private investigator who "discovered" handwritten docket annotations that state "offer rejected" and that this supports his claim that counsel never presented him with a global plea offer.

> On November 12, 2021, the Commonwealth filed its Motion to Dismiss. [Appellant] responded to this motion on December 10, 2021 (date of postmark). On January 20, 2022, [the c]ourt sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907. [Appellant] did not respond to this notice. On February 28, 2022, [the c]ourt dismissed [Appellant's] petition based upon untimeliness and lack of merit. On March 1, 2022, [Appellant] filed a Notice of Appeal to Superior Court.[3]

(PCRA Court Opinion, filed 6/16/22, at 3-4).[4]

Appellant raises one issue for our review:

> The PCRA Court erred [and] abused discretion when it ruled [Appellant] did not meet the criteria of 42 Pa.C.S.[A.] § 9545 (b)(1)(ii) (newly discovered evidence/facts) and/or 42 Pa.C.S.[A.] § 9543 (a)(2)(vi) (after discovered evidence) pertaining to new evidence recently discovered/obtained from a private investigator that establish(ed)/demonstrate(d) a global plea offer was offered to [Appellant] prior to trial but wasn't presented to [Appellant] by his trial counsel. The newly discovered evidence also established that the A.D.A. lied to and/or misled the PCRA Court at a June 29, 2017 PCRA evidentiary hearing.

---

[3] Appellant filed separate notices of appeal at each underlying docket, which this Court subsequently consolidated *sua sponte*.

[4] The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant filed none.

(Appellant's Brief at 5).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final on September 25, 2006, upon expiration of the time for Appellant to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*). Thus, Appellant's current PCRA petition filed on May 14, 2021, is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "newly-discovered facts" exception at Section 9545(b)(1)(ii) (providing time-bar exception where facts upon which claim is predicated were unknown to petitioner and could not have been ascertained sooner by exercise of due

diligence).[5]

Nevertheless, as the PCRA court observed:

> [Appellant] unsuccessfully attempts to invoke the "newly discovered facts" exception, 42 Pa.C.S.A. § 9545(b)(1)(ii). To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. In his petition, [Appellant] claims that he recently hired a private investigator, who turned over to him "handwritten notations" from the docket indicating that an offer was rejected on January 7, 1998. He argues that this would have bolstered his argument regarding the global plea offer at the evidentiary hearing in 2017 and would have shown Nigel Greene was lying. These alleged "new facts" do not qualify for the "newly discovered facts" exception as this information was not unknown to [Appellant] prior to the alleged "discovery" by the private investigator. [Appellant] has known for years about the docket notations indicating "offer rejected." Indeed, this was the sole issue at his previous evidentiary hearing. This

---

[5] The substantive claim of after-discovered evidence and the newly-discovered facts exception to the PCRA timeliness requirements are often conflated and referred to as the same theory of relief. These concepts, however, are not interchangeable and require different proofs. Under the newly-discovered facts exception to an untimely PCRA petition, a petitioner must establish "the **facts** upon which the claim was predicated were **unknown** and…could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1272 (2007) (emphasis in original). Only if a petitioner meets the statutory jurisdictional requirements by satisfying this exception to the PCRA time-bar, can he then argue for relief on a substantive after-discovered-evidence claim, which requires the petitioner to demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***See, e.g., Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586 (2007); ***Commonwealth v. D'Amato***, 579 Pa. 490, 856 A.2d 806 (2004).

- 11 -

allegedly "new" handwritten docket entry does not offer any new information about the alleged "global plea" offer, *i.e.* dates, initials, terms of the offer, etc.

[Appellant] seems to find it significant that the docket entry was "handwritten," arguing that the Commonwealth mistakenly believes the "printed docket and the handwritten docket annotation are one and the same." ***See*** Response to D.A.'s Filing, 12/10/21, p.1. He argues that this is "untrue and misleading. The hand-written annotation absolutely presented new evidence unavailable at [Appellant's] June 29, 2017 evidentiary PCRA hearing." ***Id.*** To support this argument, he claims, without any further evidence, that "[t]he handwritten docket annotations were not only docket entries, but the Record Room's clerk's handwritten annotations, thus can't be chalked up to a mere docket entry mistake (clerical error)." ***Id.*** at p.2. [Appellant] is wrong. The electronic docket entries and the handwritten docket annotations are one and the same. In 1997-98, the clerks handwrote docket entries in the courtroom. Later, these were entered manually into a computer system, which is the "printed docket" to which [Appellant] refers. This fact was even mentioned at the June 29, 2017 hearing when Charles Junod of the District Attorney's Office testified:

> **Commonwealth**: And as, and as part of your experience, did you come to receive knowledge and experience in terms of docket entries as opposed to what's marked on the files or what actually happens in the courtroom in terms of offers?
>
> **Junod**: Well, actually, it happened then, but even more so now. There are sometimes like automatic docket entries that are there by—by virtue of—of that's what the case was there for. So, if it goes out of there, there's—there's usually a kind of a boilerplate "here's what happened." I mean, there's a lot of files that the clerk is dealing with. Especially then. **They had to handwrite them, actually**.

(N.T. 6/29/17, p. 112-113) (emphasis added). Thus, the handwritten annotation that [Appellant] believes is some kind of "smoking gun" is actually the docket entry that was

recorded in the courtroom at the time and the electronic docket entry was entered at a later time. Since [Appellant] is unable to show that the "offer rejected" notation was previously unknown to him, he is unable to overcome the time bar.

Even if [Appellant] were able to overcome the time bar, his claim is entirely without merit. The alleged "global offer" was the sole issue addressed at his June 29, 2017 evidentiary hearing conducted by [the c]ourt and was discussed at length in the [PCRA] Court Opinion filed October 22, 2017. [The c]ourt determined that (1) there was no evidence that a "global offer" of 20-40 years or 25-50 years' state incarceration ever existed; (2) there was no evidence that any offer was ever made with respect to any of the four 1997 robbery cases; (3) [Appellant] failed to prove that his attorneys failed to convey offers to him or lacked a reasonable basis for not doing so; and (4) [Appellant] failed to show prejudice. The Superior Court affirmed [the c]ourt's determination on July 20, 2018, adopting [the c]ourt's opinion as its own. [*See*] 2125 EDA 2017. Accordingly, no relief is due.

(PCRA Court Opinion, filed 6/16/22, at 6-8).

We agree with the court's analysis. Put simply, the handwritten docket annotations do not qualify as "newly-discovered facts" where Appellant was well aware of the "offer rejected" printed docket entries when he alleged trial counsel's ineffectiveness in his earlier PCRA petition. Thus, the handwritten annotations are nothing more than a new "source" for the same evidence offered at the 2017 evidentiary hearing. *See Commonwealth v. Maxwell*, 232 A.3d 739 (Pa.Super. 2020) (*en banc*) (explaining that focus of Section 9545(b)(1)(ii) exception is on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims). Moreover, the PCRA court concluded that the

handwritten annotations were not new evidence at all, as they were simply handwritten notations of the same later printed docket entries of "offer rejected." Accordingly, Appellant's current PCRA petition remains untimely, and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2023