J-S33027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC GARCIA MULERO | : | |
| | : | |
| Appellant | : | No. 1335 EDA 2022 |

Appeal from the PCRA Order Entered April 12, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0001727-2019

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER BY KING, J.:                    **FILED DECEMBER 12, 2022**

Appellant, Eric Garcia Mulero, appeals from the order entered in the Northampton County Court of Common Pleas, which dismissed as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On March 12, 2020, a jury convicted Appellant of attempted murder, two counts of aggravated assault, and firearms not to be carried without a license.  On June 19, 2020, the court sentenced Appellant to an aggregate term of 23 to 46 years' imprisonment.  Appellant timely filed a post-sentence motion on June 25, 2020, which the court denied on July 21, 2020.  On August 21, 2020, Appellant filed a counseled notice of appeal.  This Court quashed the appeal as untimely on December 14, 2020, because Appellant had filed his notice of

appeal one day beyond the 30-day deadline.

On April 19, 2021, appellate counsel sent a letter to Appellant advising him that counsel had rendered ineffective assistance by filing Appellant's appeal one day late. Appellate counsel instructed Appellant to file a PCRA petition raising appellate counsel's ineffectiveness and to seek reinstatement of his direct appeal rights.[1] On October 14, 2021, Appellant filed a *pro se* PCRA petition. The court appointed PCRA counsel, who filed an amended petition on November 17, 2021, claiming appellate counsel was ineffective in failing to file a timely direct appeal and requesting reinstatement of Appellant's direct appeal rights *nunc pro tunc*.

On April 12, 2022, the PCRA court dismissed the petition as untimely. Appellant timely filed a notice of appeal on May 9, 2022. The next day, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement on May 18, 2022.

Appellant raises one issue for our review:

> Whether [Appellant], is entitled to relief under the Post-Conviction Relief Act in the form of the grant of leave to file a notice of appeal *nunc pro tunc*, reinstatement of appellate rights, as the result of the ineffectiveness assistance of prior counsel for filing a direct appeal one day late?

_____

[1] In the letter, appellate counsel advised Appellant to "act on this as soon as possible" based on the PCRA's one-year time limit. Nevertheless, appellate counsel did not inform Appellant of the precise date by which he would need to file his PCRA petition to render the petition timely filed. Appellate counsel sent another letter to Appellant dated May 13, 2021, enclosing the April 19, 2021 letter because counsel stated his original April 19, 2021 letter was not delivered to Appellant.

(Appellant's Brief at 4).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's judgment of sentence became final on August 20, 2020, which was 30 days after the trial court denied Appellant's post-sentence motion and the date by which Appellant had to file his direct appeal. ***See*** Pa.R.Crim.P. 720(a) (stating if defendant files timely post-sentence motion, notice of appeal shall be filed within 30 days of entry of order deciding motion); 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until August 20, 2021 to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). ***See also Commonwealth v. Brown***, 596 Pa. 354, 943 A.2d 264 (2008) (holding that where no timely direct appeal is filed, time period allowed for filing PCRA petition commences upon expiration of time period allowed for seeking direct

review; noting that there is no generalized equitable exception to jurisdictional one-year time bar pertaining to PCRA petitions). Appellant did not file his *pro se* PCRA petition until October 14, 2021, which is patently untimely. Significantly, Appellant did not plead any exception to the PCRA time-bar in either his *pro se* PCRA petition or counseled amended PCRA petition as a basis for the PCRA court's jurisdiction. Likewise, Appellant cites no exception to the PCRA time-bar in his appellate brief. Under these circumstances, Appellant's current PCRA petition remains time-barred and the PCRA court properly dismissed it as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2022