J-S36021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY EDWARD MORTON, SR. | : | |
| | : | |
| Appellant | : | No. 614 WDA 2022 |

Appeal from the PCRA Order Entered May 3, 2022
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0000855-2018

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED:  January 6, 2023**

Appellant, Gary Edward Morton, Sr., appeals *pro se* from the order entered in the Mercer County Court of Common Pleas, denying as untimely his second petition for relief filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 8, 2019, Appellant entered an **Alford**[1] plea to one count of robbery.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See North Carolina v. Alford**, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).  "An **Alford** plea is a *nolo contendere* plea in which the defendant does not admit guilt but waives trial and voluntarily, knowingly and understandingly consents to the imposition of punishment by the trial court. Provided the record reflects a factual basis for guilt, the trial court may accept the plea notwithstanding the defendant's protestation of innocence." **Commonwealth v. Snavely**, 982 A.2d 1244, 1244 n.1 (Pa.Super. 2009) (internal citations omitted).

The court sentenced Appellant on January 9, 2020, to 84 months to 18 years' imprisonment. Appellant did not file a direct appeal. On August 4, 2020, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who subsequently filed a motion to withdraw and no-merit letter. On December 7, 2020, the court issued notice of its intent to dismiss the petition per Pa.R.Crim.P. 907. On August 30, 2021, the court denied PCRA relief.

On April 26, 2022, Appellant filed the current *pro se* PCRA petition. The court denied PCRA relief on May 3, 2022. Appellant timely filed a *pro se* notice of appeal on May 20, 2022. The next day, the court ordered Appellant to file a concise statement of errors, which Appellant filed on June 9, 2022.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final on February 8, 2020, 30 days after the court imposed sentence and the deadline by which

Appellant had to file a notice of appeal. *See* Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal); 42 Pa.C.S.A. § 9545(b)(3). Appellant did not file the current *pro se* PCRA petition until April 26, 2022, which is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant claims prior PCRA counsel was ineffective and attempts to invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), relying on our Supreme Court's decision in ***Commonwealth v. Bradley***, ___ Pa. ___, 261 A.3d 381 (2021).

In ***Bradley***, the Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley, supra*** at ___, 261 A.3d at 401. Nevertheless, ***Bradley*** involved ineffectiveness claims that the petitioner raised on direct appeal following the dismissal of a timely, first PCRA petition. The ***Bradley*** Court noted "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." ***Id.*** at ___, 261 A.3d at 403.

Consequently, this Court has declined to extend the holding of ***Bradley*** to cases involving untimely or serial petitions. *See **Commonwealth v. Dixon***, No. 1145 EDA 2022 (Pa.Super. filed Dec. 28, 2022) (unpublished memorandum) (holding ***Bradley*** does not trigger timeliness exception at Section 9545(b)(1)(iii)); ***Commonwealth v. Mead***, No. 646 MDA 2021 (Pa.Super. filed Apr. 1, 2022) (unpublished memorandum), *appeal denied*,

2022 WL 4139124 (Pa. Sep. 13, 2022) (emphasizing that **Bradley** involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition).[2]  Thus, Appellant's reliance on **Bradley** does not afford relief.  **See Bradley, supra**; **Dixon, supra**; **Mead, supra**. Accordingly, we affirm the order dismissing Appellant's current PCRA petition.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2023

---

[2] **See** Pa.R.A.P. 126(b) (stating this Court may cite to and rely on for persuasive value unpublished decisions of this Court filed after May 1, 2019).

[3] The court's failure to issue Rule 907 notice prior to denying PCRA relief is not reversible error where the petition is untimely.  **See Zeigler, supra** at 851 n.2.