J-S40033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC C. MCCOLLISTER | : | |
| | : | |
| Appellant | : | No. 1447 EDA 2022 |

Appeal from the PCRA Order Entered May 2, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002043-2007

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.:         **FILED FEBRUARY 22, 2023**

Appellant, Eric C. McCollister, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, denying as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. In 2008, a jury convicted Appellant of burglary, criminal trespass, robbery, aggravated assault, and simple assault. The court sentenced Appellant on December 29, 2008, to an aggregate 40 years' to life imprisonment. The sentence included a 25-year mandatory minimum under 42 Pa.C.S.A. § 9714(a)(2) (providing mandatory minimum of 25 years' imprisonment where defendant had, at time of commission of current offense, previously been convicted of two or more crimes of violence). This Court affirmed the sentence

on August 30, 2010; Appellant did not seek further direct review. ***See Commonwealth v. McCollister***, 11 A.3d 1042 (Pa.Super. 2010).

Appellant filed the current serial PCRA petition *pro se* on January 26, 2022. On April 7, 2022, the court issued appropriate notice per Pa.R.Crim.P. 907; Appellant did not respond. The court denied PCRA relief on May 2, 2022. On May 24, 2022, Appellant timely appealed. That day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant complied.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final on September 29, 2010, upon expiration of the time for Appellant to file a petition for allowance of appeal with our Supreme Court. ***See*** Pa.R.A.P. 1113. Thus, Appellant's current PCRA petition filed on January 26, 2022, is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke

the "newly-discovered facts" exception,[1] at Section 9545(b)(1)(ii) (providing time-bar exception where facts upon which claim is predicated were unknown to petitioner and could not have been ascertained sooner by exercise of due diligence). Specifically, as the PCRA court observed:

> [Appellant] argued that he "repeatedly asked the sentencing and direct appeals panel … to review the sentence and the application of the [Section] 9714(a)(2) statute as it applied to his case" but that "the error [of the sentence] was overlooked and the courts in the case at bar ruled that the application of the statute and sentence was legal." PCRA Pet., 6, Jan. 26, 2022. He alleges that he "believed the actual sentence was legal because [the] Superior Court said so during direct appeal proceedings" and that he would not have discovered his sentence was "illegal" if [he] was not transferred and did not meet [fellow inmate] Fred Ray." *Id.* at 7. Once "discovered" in December 2021 by fellow inmate Mr. Ray who was reviewing Appellant's case, Appellant asked for a copy of his "status sheet" and was informed "only the court could correct the error." *Id.* at 4.
>
> As Appellant noted, the sentence imposed was the subject of each of his PCRA petitions and the appeals that ensued thereafter. The sentence itself was not a new **fact** unknown to Appellant, despite its new evaluation by another inmate. *See* [*Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714 (2008)] (newly discovered notes of former prosecutor found to be another source, rather than a new fact, regarding Appellant's claim of a racially discriminatory policy within the district attorney's officer)….[2]
>
> > [2] We further note that Appellant's claims are based on the application of the "three strikes rule" codified at

---

[1] Although Appellant also checked the box on his PCRA petition for the "governmental interference" exception at Section 9545(b)(1)(i), he made no argument concerning that exception in his petition. To the extent Appellant attempts to assert prior counsel's ineffectiveness as satisfying the exception, for purposes of the PCRA, the definition of "government officials" does not include defense counsel. *See* 42 Pa.C.S.A. § 9545(b)(4).

> 42 Pa.C.S. § 9714, a claim he has made previously and continuously over the more than thirteen years since he has been sentenced.
>
> Appellant failed to demonstrate that there were any new **facts** to invoke the timeliness exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)[(ii)]. …

(PCRA Court Opinion, filed 6/30/22, at 9-10) (emphasis in original).

We agree with the court's analysis. Put simply, Appellant has known about his sentence and could have discovered any illegality regarding application of the mandatory minimum since 2008, when the sentence was imposed. Thus, Appellant's current PCRA petition is untimely, and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023