**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT TUCKER | : | |
| | : | |
| Appellant | : | No. 1654 EDA 2022 |

Appeal from the PCRA Order Entered June 2, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010230-2010

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED JULY 7, 2023**

Appellant, Robert Tucker, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On June 30, 2011, a jury convicted Appellant of rape of a child, endangering the welfare of a child, and aggravated indecent assault.  The trial court sentenced Appellant on October 28, 2011, to an aggregate term of 13½ to 27 years of imprisonment.  This Court affirmed his sentence on April 30, 2013, and our Supreme Court denied his petition for allowance of appeal on October 16,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

2013. *See Commonwealth v. Tucker*, 75 A.3d 566 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 621 Pa. 696, 77 A.3d 1260 (2013).

Appellant filed the current serial PCRA petition on January 26, 2021. After issuing notice of its intent to dismiss per Pa.R.Crim.P. 907, the PCRA court denied relief on June 2, 2022. Appellant timely appealed, and on June 7, 2022, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant complied with the court's order, filing his initial statement on June 14, 2022, and a supplemental statement on June 17, 2022.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final on January 14, 2014, upon expiration of the time for Appellant to file a petition for writ of *certiorari* in the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13 (allowing 90 days

to file petition for writ of *certiorari*). Thus, Appellant's current PCRA petition filed on January 26, 2021, is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar at Section 9545(b)(1)(ii).[2] Specifically, Appellant relies on a document in which the victim's aunt told police that the case against Appellant was fabricated. Nevertheless, Appellant admits that this document was in his discovery records, which trial counsel sent to Appellant in 2012. (**See** PCRA Petition, 1/26/21, at 5). Therefore, by his own admission, Appellant cannot demonstrate that the document is a "new fact" previously unknown to Appellant that could not have been ascertained sooner with the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, Appellant's current petition remains time-barred, and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023

---

[2] **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) (stating facts upon which claim is predicated were unknown to petitioner and could not have been ascertained by exercise of due diligence).