J-S35044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAWUD DAVIS | : | |
| | : | |
| Appellant | : | No. 511 MDA 2023 |

Appeal from the PCRA Order Entered March 22, 2023
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003752-2012

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JANUARY 26, 2024**

Sawud Davis, *pro se*, appeals from the order dismissing, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S. §§ 9541-9546. Although he purports to surmount the PCRA's jurisdictional time-bar by arguing that a recently acquired letter between the Commonwealth and his plea counsel establishes a newly discovered fact, **see** **id**., § 9545(b)(1)(ii), the PCRA court concluded that said letter does not contain any newly discovered facts. We agree and affirm.

As background:

> On October 24, 2012, [Davis] was charged with three counts of criminal homicide, one count of criminal attempt to commit criminal homicide and four counts of robbery as a result of a shooting which occurred on July 7, 2012 in Plymouth Borough, Luzerne County, Pennsylvania. [Davis] was charged as a principal or accomplice in connection with the homicide and robbery

---

[*] Retired Senior Judge assigned to the Superior Court.

charges. Although [Davis] was 16 years old at the time the crimes were committed, he was prosecuted as an adult.

Trial was scheduled to commence on January 6, 2014. Rather than proceed to trial, [Davis] withdrew his petition for decertification and pled guilty to three counts of criminal homicide as murder of the third degree and one count of robbery on December 20, 2013. [Davis's] guilty plea was made part of the record and contained an agreed upon sentence of twenty to forty years on the three homicides and five to ten years on the robbery. All sentences were to run concurrent so [Davis's] aggregate sentence was twenty to forty years. Both the Commonwealth and [Davis] waived a pre-sentence investigation as part of the guilty plea agreement.

[Davis] did not file a direct appeal. On June 6, 2014, he filed his first motion for post conviction collateral relief. A motion to withdraw his first PCRA petition was granted by Order dated July 28, 2014. [Davis] filed his second motion for post conviction relief on September 19, 2018. This motion was supplemented by counsel in a petition filed on January 17, 2019.

Trial Court Opinion, 5/26/23, at 1-2 (unpaginated).

After ultimately concluding that Davis's second PCRA petition was untimely, the court dismissed it. This Court affirmed that dismissal. **See** **_Commonwealth v. Davis_**, 705 MDA 2019, 2019 WL 5858069 (Pa. Super., filed Nov. 8, 2019) (unpublished memorandum). A short time later, Davis then filed a third PCRA petition, which, too, was eventually dismissed by the PCRA court, and his corresponding appeal was also dismissed by this Court when Davis did not file an appellate brief.

On January 13, 2023, Davis filed the present PCRA petition, his fourth.[1]

---

[1] On this same date, Davis also filed a supplemental PCRA petition, which included, as an exhibit, the letter in question.

In concluding that this petition, too, was untimely, the PCRA court issued a notice of its intention to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907.[2] The court dismissed his petition on March 22, 2023, and Davis filed a timely notice of appeal.

As this case stems from the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted). To seek relief under the PCRA, a petitioner must satisfy the jurisdictional requisite of timeliness. **See Commonwealth v. Zeigler**, 148 A.3d 849, 853 (Pa. Super. 2016). Absent an exception, PCRA petitions must be filed within one year of the date a judgment of sentence becomes final. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007); 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

---

[2] In response, Davis filed a motion for leave to file an amended PCRA petition. While there is some record ambiguity as to the timeliness of Davis's response to the court's Rule 907 notice vis-à-vis the prisoner mailbox rule, the court concluded that "[a] review of the motion reveals the same argument made by [Davis] in his supplemental PCRA petition regarding a letter allegedly containing a favorable plea deal." Trial Court Opinion, 5/26/23, at 3 (unpaginated). While he describes the motion for leave as one that could "address the timeliness issues[,]" Appellant's Brief, at 26, Davis provides no more elucidation as to how his motion for leave contains any new or better-defined bases to establish jurisdiction, and for purposes of the present appeal, both he and the court appear to have similarly defined the factual underpinnings of Davis's attempt to circumvent the PCRA's time-bar.

or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Relevant to the present matter, one of the PCRA's time-bar exceptions requires a petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *Id*., § 9545(b)(1)(ii). A claim predicated on this exception requires a petitioner to file his or her petition "within one year of the date the claim could have been presented." *Id*., § 9545(b)(2).

Davis entered into a guilty plea on December 20, 2013 and was sentenced on that same date. As he did not file a direct appeal, his judgment of sentence became final on January 21, 2014, when his time for seeking direct review with this Court expired. *See id.*, § 9545(b)(3) (indicating that a judgment of sentence becomes final "at the conclusion of direct review ... or at the expiration of time for seeking the review"); Pa.R.A.P. 903, Note (noting that Statutory Construction Act, 1 Pa.C.S. § 1908, applies to computation of time under the appellate rules and weekends and holidays are excluded from the period for calculating an appeal). Accordingly, Davis's petition is facially untimely and for the PCRA court, and by extension this Court, to have jurisdiction, Davis was required to plead and prove an exception to the PCRA's time-bar.

Davis contends that, to circumvent the time-bar, he submitted a November 25, 2013 letter, allegedly acquired on or about December 12, 2022,

between the Commonwealth and his counsel establishing that he could have cooperated in exchange for "a more favorable plea agreement." Appellant's Brief, at 13. This letter, he believes, provides a newly discovered fact. Replicated in full, the letter states:

> I see that Judge Vough has severed the Shawn Hamilton/Sawud Davis Trial. In accordance with our latest telephone conversations, it is [the Commonwealth's] understanding that you will be speaking with Mr. Davis to see if he has any intention of cooperating in the case against his brother [Hamilton] in exchange for a plea in his case. If he has any intention of pursuing this course of action, [the Commonwealth] need[s] to know that by December 13 in order to put all of the pieces in place to resolve his case and prepare for trial. If [the Commonwealth] do[es] not resolve the case with him before the Hamilton trial, [the Commonwealth] will proceed with the Decertification in March and, assuming that [the Commonwealth] [is] successful, [the Commonwealth] will proceed to trial against him on all counts. In short, if he wants to resolve his case now is the time to do it.
>
> Further, if you believe it would be helpful, [the assistant district attorney] would certainly join you for a meeting with Mr. Davis to discuss this in greater detail.

Supplemental PCRA Petition, 1/13/23, Exhibit 1.

While not specifically mentioned in his PCRA petition,[3] Davis asserts in his appellate brief that the genesis of him learning about this letter was when he had been "informed by his co-defendant that his trial counsel informed him

---

[3] Davis's PCRA petition begins the PCRA-related chronology at the December 12, 2022 date, which is when he apparently "obtained his case file via[]mail and learned that … [his plea counsel] failed to inform him of a more favorable plea offer prior to advising [him] to plead guilty." Supplemental PCRA Petition, 1/13/23, at ¶ 4.

during the proceedings of both, [Davis] and [Davis's] co-defendant['s] case that the Commonwealth was offering [Davis] leniency in exchange for [his] cooperation in the case against his co-defendant." Appellant's Brief, at 8. Hearing about this potential "leniency" in June 2022, Davis writes that from this discussion, he was told that the Commonwealth was prepared to offer him "six to twelve years in exchange for [his] cooperation[.]" *Id*., at 10.

Even excepting Davis's lack of explanation as to why it took his co-defendant, who is also Davis's brother, approximately eight years to suddenly inform him of this alleged plea offer, the letter does not provide any indicia that, in fact, a six-to-twelve-year offer, or anything resembling such an offer, ever existed. Instead, without more, the notion that a better deal was available to him is a speculative averment, at best. Parsing its language, the letter is written in such a way that Davis would have needed to first assent to cooperation against his co-defendant prior to the Commonwealth extending a plea offer with definite terms.

Although not dispositive, Davis did, in fact, plead guilty pursuant to an agreement with the Commonwealth on December 20, 2013, less than one month after the Commonwealth's letter was written.[4] The record reflects that

---

[4] Davis does not provide, with any level of specificity, an overview of events, even from his own perspective, between the November letter and the December plea agreement.

Hamilton also entered into a plea agreement on that same date.[5] In Davis's deal, although he was charged with three homicides, an attempted homicide, and four robberies and "was facing the possibility of three life sentences given the likelihood that had he gone to trial, he would have been convicted," Trial Court Opinion, 5/26/23, at 6 (unpaginated), Davis only received an aggregate sentence of twenty to forty years' incarceration. It strains credulity to believe that a six-to-twelve-year offer was ever "on the table."

Notwithstanding the fact that both Davis and Hamiton pleaded guilty and were sentenced on the same date, distilled down, the Commonwealth's letter establishes only that it was Davis's prerogative to cooperate against his co-defendant in exchange for what was, on November 25, 2013, an indefinite plea. Without any evidence that there was a genuine offer of six-to-twelve years or that the letter somehow placed Davis in a position to bargain for a better deal than the plea agreement he actually entered into, the letter, standing alone, contains no "new facts" that reinforce the ultimate claim of a specifically described, yet theretofore undisclosed, plea offer that is materially distinct from the entered-into plea agreement.

Because Davis's fourth PCRA petition was filed more than one year after his judgment of sentence became final, and he has not pleaded and proved

_____

[5] Hamilton was sentenced on December 20, 2013 to three consecutive life sentences in addition to a consecutive twenty-to-forty-year sentence. ***See*** Guilty Plea/Sentencing Proceedings, 12/20/23, at 72-73.

any newly discovered facts within the meaning of the PCRA's time-bar exception, the PCRA court, in finding no jurisdiction, properly dismissed his petition. We therefore affirm the trial court's dismissal of Davis's petition as untimely.

Order affirmed.

Judge Panella joins this memorandum.

Judge McLaughlin concurs in the result.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/26/2024